RONSON ART METAL WORKS, INC., Respondent, *v.* GIBSON LIGHTER MFG. CO. et al., Defendants, and GEORGE J. MANNE, Doing Business as GIBSON LIGHTER MFG. CO., et al., Appellants.

*Per Curiam.* We are satisfied that there was such a combined copying of plaintiff's designs, slogans, legends and advertising art as to stimulate confusion and constitute unfair competition. This is so even though defendants were entitled to copy the product design and their primary purpose may have been to insinuate the idea into the public mind that a duplicate of plaintiff's established product was available for a fraction of the cost, rather than to palm off their product as plaintiff's product.

The injunction, however, is too general and indefinite. It consists of the single prohibition against selling, advertising or offering for sale any lighters " without clearly and unmistakably specifying * * * that such lighters are not the product of plaintiff." Whether it was intended that this should be accomplished through a specific negative statement that defendants' lighters are not the product of plaintiff, as plaintiff construes the injunction, or whether

the directive would be satisfied by affirmative unmistakable identification of the source of defendants' product is not clear. It should be made clear and the injunction made specific.

The interlocutory judgment should be modified to require defendants to so mark and label their product as to clearly identify the source of manufacture, and should be further modified to specify the particular slogans, legends and advertising which the defendants may not employ or simulate.

It is difficult to divine how plaintiff may satisfactorily establish any claim for compensation due to defendants' unfair competition as distinguished from any detriment that might have been suffered from the entirely legitimate competition of duplicating plaintiff's product and selling it for less, but we will allow the reference to ascertain and report damages to stand in the event plaintiff wishes to pursue it.

The interlocutory judgment should be modified in accordance with this opinion and as so modified affirmed, with costs to respondent. Settle order.

Judgment unanimously modified in accordance with the opinion herein and, as so modified, affirmed, with costs to the respondent. Settle order on notice. [205 Misc. 155.]